United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Kenneth M. Mitan,
        Debtor.
_____/

Case No. 03-71601-R
Chapter 7

Frandorson Properties and F. Jerome Corr,
        Plaintiffs,

v.

Adv. No. 04-4559

Kenneth M. Mitan,
        Defendant.
_____/

<u>Opinion Granting Plaintiff's Motion for Summary Judgment</u>

    Frandorson Properties and F. Jerome Corr are judgment creditors of Kenneth M. Mitan. Frandorson and Corr sued Mitan, his brother and their partnership in the Ingham County Circuit Court for slander of title and tortuous interference with business expectancy/contract related to the sale of three shopping centers. The circuit court entered final judgment for the plaintiffs in the amount of $316,827.96 plus interest. The judgment specifies that $316,827.96 is attributable to all counts of the complaint.

    Mitan filed bankruptcy and is seeking to have the judgment discharged. Frandorson and Corr assert that $316,827.96 plus interest is nondischargeable pursuant to § 523(a)(6). Frandorson and Corr have filed the present motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) based upon collateral estoppel.

## I.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.* 800 F. Supp. 547, 549-50 (E.D. Mich. 1992).

## II.

A federal court must give a state court judgment the same preclusive effect it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984); *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996). There are three requirements for issue preclusion in Michigan: (1) the issue of fact or law must have been actually litigated and decided in (2) a prior action between the same parties, where (3) the issue was necessary to the judgment. *See Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 461-62 (6th Cir. 1999). For issue preclusion to apply in federal court, a fourth requirement must also be present: the issue must have been fully and fairly litigated in the state court. *Id.* at 461.

*Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 904 (6th Cir. 2002). *See also Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 318 (1997).

## III.

2

Mitan argues that the motion for summary judgment should be denied for several reasons. First, he asserts that the elements necessary for nondischargeability pursuant to § 523(a)(6) are not met because he did not commit the acts in the complaint. He asserts his brother perpetrated the acts. Second, he argues that the act of filing the purchase agreement and notice of lis pendens was completely legal. Third, he argues that there was no full and fair opportunity to litigate the issues. Fourth, he argues that since the issue of malice was not fully litigated, it cannot be subject to collateral estoppel. Fifth, he argues that the finding of willful and intentional injury is inconsistent with the evidence presented in the underlying case. Sixth, he argues that malice is not identical to willful and malicious injury. Lastly, he argues that Frandorson and Corr have refused to cooperate in the discovery process which should invalidate the judgment against him.

Mitan's arguments must be rejected. His arguments attack the underlying judgment. Pursuant to the *Rooker-Feldman* doctrine, this Court is prohibited from reviewing a state court decision. *See Sill v. Sweeney* (*In re Sweeney*), 276 B.R. 186, 195-96 (B.A.P. 6th Cir. 2002) (explaining *Rooker-Feldman* doctrine).

IV.

Frandorson and Corr argue that pursuant to §523(a)(6), this judgment is nondischargeable. Section 523(a) of the Bankruptcy Code provides exceptions to dischargeability for certain debts. In particular, Section 523(a)(6) provides:

> (a) A discharge under Section 727, 1141, 1228(a),1228(b) of this title does not discharge an individual debtor from any debt–
> * * *
> (6) For willful and malicious injury by the debtor to another entity or to the property of another entity.

3

11 U.S.C. § 523(a)(6).

In *Kawaahau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998), the Supreme Court held that only acts done with the intent to cause injury, and not merely acts done intentionally, can cause willful and malicious injury. *Id*. In *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir. 1999),

> The Court articulated this circuit's new standard in light of *Geiger* as follows: "we now hold that unless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)."

*Kennedy v. Mustaine* (*In re Kennedy*), 249 F.3d 576, 580 (6th Cir. 2001) (quoting *Campbell*, 190 F.3d at 464).

The state court held that Mitan is "guilty of criminal contempt of court" for recording the second set of notices of lis pendens and the third set of title-clouding documents. (Ingham County Circuit Court May 28, 1999, Op. at 11, 14.) In so holding, the state court held that contempt is a willful act and that Mitan intended to cloud Frandorson's title. (Ingham County Circuit Court May 28, 1999, Op. at 8, 12.) The state court also found that Mitan acted with malice in slandering Frandorson and Corr's title, and also found that Mitan acted with malice in tortiously interfering with Frandorson and Corr's business relationships. The state court explained that to find malice "Plaintiffs must show that the defendants knowingly filed an invalid lien with the intent to cause plaintiffs injury." (Ingham County Circuit Court May 28, 1999, Op. at 24.) Accordingly, the state court's ruling constitutes a finding that Mitan intended to cause a willful and malicious injury to Frandorson and Corr.

From the moment legal action was taken in regards to these matters, Mitan had ample opportunity to depose, defend and litigate. This case began in the state circuit court and was then removed to the federal court numerous times. Each time Mitan removed the case to federal court, it was remanded back to the circuit court. Further, the federal court imposed sanctions against Mitan on the basis that removal "'was instituted for the wholly improper purpose of delaying and impeding both the state court in conducting its business as well as Frandorson in conveying title of the real property to Chemical Bank.'" (Ingham County Circuit Court May 28, 1999 Op. at 14 *quoting* Western District of Michigan August 4, 1994 Op.). *See Frandorson Properties v. Mitan*, 1996 WL 50616, 76 F.3d 378 (Table) (6th Cir. Feb. 7, 1996) (describing litigation history and affirming award of sanction for improper removal).

The issue of malice was actually litigated and the court's findings of malice were necessary to its judgment. Moreover, the judgment entered by the state court against Mitan was affirmed by the Michigan Court of Appeals and leave to appeal to the Michigan Supreme Court was denied.

Accordingly, the state court judgment is entitled to preclusive effect. Therefore, Frandorson and Corr's motion for summary judgment is granted. The state court judgment for $316,827.96 plus interest is nondischargeable pursuant to § 523(a)(6). An appropriate order will be entered.

```
Entered: September 29, 2005
```
                                                                                             

```
             /s/ Steven W. Rhodes
         Steven W. Rhodes
         Chief Bankruptcy Judge
```